# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DALE DEAN GOINS,                )
                                )
    Plaintiff,              )
                                )
v.                              )   Case No. CV408-150
                                )
DOCTOR JANE F. WEILENMAN,       )
DOCTOR STOCKFISH,               )
COUNSELOR SMILEY, and           )
DOCTOR McRAE,                   )
                                )
    Defendants.             )

## REPORT AND RECOMMENDATION

Dale Dean Goins, who is incarcerated at Phillips State Prison in Buford, Georgia, filed this 42 U.S.C. § 1983 action on July 29, 2008. (Doc. 1.) On August 25, 2008, Goins submitted a motion to proceed *in forma pauperis*, which the Court granted on August 27, 2008. (Docs. 4 & 7.) In that Order, the Court directed Goins to return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 7.) The Court informed Goins that his failure to return the forms would

result in a recommendation that his case be dismissed. (Id.) Goins has returned the two forms; the case is therefore ready to proceed. (Docs. 11 & 12.)

I. **The PLRA**

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening of any civil complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id.; see also 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards

provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

## II. The Complaint

Goins alleges that while incarcerated at Coastal State Prison he was under the care of Doctor Jane Weilenman, a psychologist who helped him with his mental health issues. (Doc. 1 at 3.) Initially, the sessions went well. Goins made Weilenman several hand-crafted items, including a purse, a rocking chair, and some tables. (Id.) Over time, the relationship soured. Goins alleges that Dr. Weilenman first became verbally abusive. (Id.) In May 2008, Goins "cut [him]self" in an attempted suicide. (Id.) He alleges that Dr. Weilenman did not follow standard suicide protocol. Rather than placing him in observation and treating him, Weilenman simply asked if the self-inflicted injury "made [him] feel better." (Id.) Later that month,

Charles Ware, who was also in treatment with Weilenman, allegedly began to spread lies about Goins. (Id.) Goins confronted Ware and told him "not to tell any more lies." (Id.) Weilenman heard about the confrontation, became "extremely mad," and went to Goins' dormitory to tell him to stop bothering Ware. (Id. at 5.) Goins alleges that this incident led Weilenman to abandon his treatment, though Weilenman later explained that she was ordered to stop therapy by Dr. McRae. (Id.) Shortly thereafter, Weilenman had Goins placed on strip-cell observation for two days, though general protocol only allows 24 hours of strip-cell observation. (Id.) During that time, his mattress was taken away, so he had to sleep on a steel bed with no padding. (Id.)

Shortly after Goins' initial complaint was filed, he was transferred to Phillips State Prison. (Doc. 5.) Goins amended his complaint to add a new claim against Dr. Weilenman for retaliatory transfer and denial of necessary medical care. (Id. at 2.) Specifically, he contends that Weilenman and her cohorts, Drs. Stockfish and McRae and Counselor Smiley, acted in "collusion" in effectuating the transfer in retaliation for plaintiff's filing of grievances against them

4

for racial and reverse racial discrimination. (Id.) In addition, he states that the defendants have conspired to prevent his current prison medical staff from providing him access to his inhaler, which he uses to treat his asthma, emphysema, and chronic obstructive pulmonary disease. (Id.; Doc. 10.) Goins asks the Court to suspend the medical licenses of each of the defendants, have each defendant pay him $1,000,000 in their individual capacities and another $1,000,000 in their official capacities, and issue a lien on all property owned by the defendants.[1] (Doc. 1 at 5; Doc. 5 at 3.) He also requests a trial by jury. (Doc. 5 at 3.)

---

[1] Goins also asks the Court to do an *in camera* inspection of Dr. Weilenman's parole summaries to determine if she falsified information to help black inmates make parole. (Doc. 5 at 3.) The Court is not an investigative agency. It is Goins' duty to provide the Court with evidence in support of his claims. The Court will not take over the prosecution of his case.

In addition, Goins requests a temporary injunction directing that he be moved to federal custody so that he can get his inhaler at night and be protected from any further retaliation from Dr. Weilenman. (Doc. 1 at 3; Docs. 8 & 9.) Under the established law of this circuit, a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam); Asad v. Crosby, 158 F. App'x 166, 168 n.2 (11th Cir. 2005). Here, Goins complains about prison conditions issues that arose at Coastal State Prison. He was subsequently transferred to Phillips State Prison, which is hundreds of miles away. Because Goins was transferred from Coastal State Prison to Phillips State Prison, his request for a temporary injunction is now moot and is therefore **DENIED**. Goins' claims relating to his medical care at Phillips should be addressed in the Northern District of Georgia.

## III. ANALYSIS

It appears that Goins is raising three claims for relief: (1) retaliatory transfer, (2) cruel and unusual punishment, and (3) denial of necessary medical care. The Court will address the claims in that order.

### A. Retaliatory Transfer

Goins alleges that the defendants had him transferred to a different prison for filing grievances regarding racial and reverse racial discrimination. (Doc. 4 at 2.) Although an inmate has no constitutionally protected liberty interest against being transferred to a particular prison, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), an official who transfers or otherwise punishes a prisoner in retaliation for exercising his right to file grievances against prison officials violates the prisoner's First Amendment rights. Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985); see also Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). This allegation, therefore, states a colorable claim for relief.

## B. Cruel and Unusual Punishment

Goins alleges that Weilenman punished him by stopping his therapy and placing him in strip-cell observation without a mattress for two days. (Doc. 1 at 5.) He appears to be stating a claim of cruel and unusual punishment under the Eighth Amendment. To state a claim for violation of the Eighth Amendment, a prisoner must allege facts sufficient to satisfy both an objective and subjective inquiry regarding a prison official's conduct. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "[U]nder the 'objective component,' a prisoner must [allege] that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler, 379 F.3d at 1289. "The challenged condition must be 'extreme'" and must pose "an unreasonable risk of serious damage" to the prisoner's future health or safety. Id. (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992) and Helling, 509 U.S. at 35). To satisfy the "subjective" component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. The deliberate indifference

7

standard "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Rather, an official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate heath or safety" and is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws the inference. Id. at 837; Chandler, 379 F.3d at 1289-90.

Here, the subjective component of an Eighth Amendment claim is clearly met, as Goins alleges that Weilenman purposefully had his cell stripped to cause him discomfort. Nevertheless, the objective component is not satisfied. Goins has not alleged that being placed on strip-cell status was "extreme" or likely to pose "an unreasonable risk of serious damage" to the his future health or safety. Chandler, 379 F.3d at 1289; see Sims v. Mashburn, 25 F.3d 980, 985-86 (11th Cir. 1994) (questioning in dicta whether strip-cell status is objectively serious enough to survive review). Not only has Goins failed to show any risk of serious harm from the stripping of his cell, it is conceivable

8

that his placement on strip-cell status protected him from harm, given his past attempts at suicide. As Goins has not shown that his placement on strip-cell status satisfies the objective component of the Eighth Amendment inquiry, this claim should be dismissed.

C. **Denial of Necessary Medical Care**

Goins next alleges that after his transfer to Phillips State Prison, the medical staff at that prison has not allowed him access to his inhaler, which he uses to help his chronic obstructive pulmonary disease and asthma. (Doc. 5 at 2-3.) He states that the defendants, who are all staff at Coastal State Prison, have conspired to send him to an institution where he would be refused the use of his inhaler. (Id. at 3.)

Goins does not explain how this "conspiracy" was effectuated. Although he states that the defendants conspired to transfer him, he offers no facts showing how they influenced the medical staff at Phillips to deprive him of his constitutional rights. While a complaint need not contain detailed factual allegations, it should be dismissed if the facts as pled do not set forth "a claim to relief that is plausible on

its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1965 (citation omitted). Goins' failure to allege some plausible factual narrative supporting his claim is fatal under Twombly. Consequently, his allegation regarding the inhaler does not state a claim for relief, and it should be dismissed.

## IV. CONCLUSION

For all of the reasons explained above, Goins' claims of denial of necessary medical care and cruel and unusual punishment should be **DISMISSED**. As to his retaliatory transfer claim, the Clerk is hereby **DIRECTED** to deliver a copy of this Report and Recommendation along with Goin's complaint and amended complaint to the U.S. Marshal for service upon the named defendants.

**SO REPORTED AND RECOMMENDED** this  20th   day of October, 2008.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA